PD-1369-15

PD-1369-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/20/2015 2:25:33 PM
Accepted 10/21/2015 3:02:23 PM
ABEL ACOSTA
CLERK

No. _____

# IN THE

# TEXAS COURT OF CRIMINAL APPEALS

## No. 01-14-00942-CR

In the First Court of Appeals
of Texas

**Albert Junior Febus,** *Appellant*

**v.**

**The State of Texas,** *Appellee*

## Appellant's Petition for Discretionary Review

Jerald K. Graber
TSB # 08240320
917 Franklin, Suite 510
Houston, Texas 77002
Tel. 713-224-232
graberlaw@sbcglobal.net
Attorney for Appellant

FILED IN
COURT OF CRIMINAL APPEALS

October 21, 2015

ABEL ACOSTA, CLERK

## Statement Regarding Oral Argument

Appellant waives oral argument.

# Identity of Judge, Parties, and Counsel

Pursuant to TEX. R. APP. P. 38.1(a), the following persons are interested parties:

Appellant

Mr. Albert Febus
TDCJ # 01982328
Holliday Unit
295 IH 45 North
Huntsville, TX 77320


Trial Judge

The Honorable Stacey Bond
176th District Court
1201 Franklin
Houston, Texas 77002


Attorneys for State

Mr. Kyle Watkins (in trial)
Mr. Alan Curry (on appeal)
Harris County DA's Office
1201 Franklin, 6th Floor
Houston, Texas 77002


Attorney for Appellant

Mr. Andre Ligon (in trial)

Mr. Jerald K. Graber (on appeal)
917 Franklin, Suite 510
Houston, Texas 77002

3

# Table of Contents

Page

STATEMENT REGARDING ORAL ARGUMENT 2

IDENTITY OF JUDGE, PARTIES, AND COUNSEL 3

TABLE OF CONTENTS 4

INDEX OF AUTHORITIES 5

STATEMENT OF THE CASE 7

STATEMENT OF PROCEDURAL HISTORY 7

APPELLANT'S GROUND FOR REVIEW 8

REASON FOR REVIEWING GROUND FOR REVIEW 8

ARGUMENT 9

CONCLUSION and PRAYER FOR RELIEF 14

CERTIFICATE OF COMPLIANCE 15

CERTIFICATE OF SERVICE 15

# Index of Authorities

| Cases | Page |
|---|---|
| *Brooks v. State,*<br>323 S.W.3d 893, 895 (Tex. Crim. App. 2010) | 10 |
| *Ervin v. State,*<br>331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.]<br>2010, pet. ref'd) | 10 |
| *Green v. State,*<br>350 S.W.3d 617 (Tex. App.—Houston [1st Dist.]<br>2010, pet. ref'd) | 11 |
| *Jackson v. Virginia,*<br>443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) | 10 |
| *King v. State,*<br>895 S.W.2d 701, 703 (Tex. Crim. App. 1995) | 10 |
| *Laster v. State,*<br>275 S.W.3d 512, 517 (Tex. Crim. App. 2009) | 10 |
| *Reyes v. State,*<br>96 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.]<br>2002, pet. ref'd) | 11 |
| *Williams v. State,*<br>235 S.W.3d 742, 750 (Tex. Crim. App. 2007) | 10 |
| *In re Winship,*<br>397 U.S. 358, 361, 90 S. Ct. 1068, 1071,<br>25 L. Ed. 2d 368 (1970) | 10 |

## Statutes, Codes and Rules

Tex. Code Crim. Proc. *art*. 62.055(a)     9

Tex. Code Crim. Proc. *art*. 62.102     9

Tex. Pen. Code §6.03(a)     9

Tex. Pen. Code §6.03(b)     9

Tex. R. App. Proc. 66.3 (c) and (f)     8

**To the Honorable Court of Criminal Appeals:**

## Statement of the Case

Appellant was charged by indictment with the felony offense of failure to comply with sex offender registration requirements. (CR 6). Appellant entered a plea of not guilty and the case was tried before a jury. (RR III 7). The jury found appellant guilty. (CR 83; RR III 156). After a sentencing hearing to which appellant pled "true" to the two punishment enhancement paragraphs, the jury sentenced appellant to 35 years in prison. (CR 90; RR IV 5, 21).

Appellant timely filed a written notice of appeal. (CR 94). The trial court certified the defendant's right of appeal. (CR 96).

## Statement of Procedural History

On October 15, 2015, a panel of the First Court of Appeals issued an unpublished opinion affirming the trial court's judgment in this case. Appellant files this first petition for discretionary review with this Court.

## Appellant's Ground for Review

The evidence is insufficient to support the conviction for the felony offense of failure to comply with sex offender registration requirements since the evidence conclusively establishes a reasonable doubt as to whether appellant intentionally or knowingly failed to comply with the Texas Sex Offender Registration Program, as charged in the indictment. The Court of Appeals reliance on *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109 (Tex. Crim. App. July 1, 2015) is in error since the indictment required the State to prove, beyond a reasonable doubt, that appellant **intentionally or knowingly** failed to provide his anticipated move date and new address.

## Reason for Reviewing Appellant's Ground for Review

The lower Court's ruling should be reviewed pursuant to Tex. R. App. P. 66.3(c) and (f).

## Argument

Pursuant to Texas Code of Criminal Procedure articles 62.055 (a) and 62.102, the indictment in this case alleged that appellant, on or about March 14, 2013, as a person with a reportable conviction for indecency with a child and subject to the Texas Sex Offender Registration Program, and while intending to change his residential address, **intentionally and knowingly** failed to timely provide in person the defendant's anticipated move date and new address to the Houston Police Department, by failing to provide said information in person at least seven days before the defendant's change of address. (CR 6); Tex. Code Crim. Proc. *arts.* 62.055(a) and 62.102. As charged in this case, a person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. (CR 78); Tex. Pen. Code §6.03(a). Also, a person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. (CR 78); Tex. Pen. Code §6.03(b).

The *Jackson v. Virginia* legal-sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, (1979). Under this standard, evidence is insufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Jackson v. State*, 443 U.S. at 319, 99 S. Ct. at 2789; *In re Winship*, 397 U.S. 358, 361, 90 S. Ct. 1068, 1071, 25 L. Ed. 2d 368 (1970); *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). Viewed in a light favorable to the verdict, the evidence is insufficient when either: (1) the record contains no evidence, or merely a "modicum" of evidence, probative of an element of the offense; or (2) the evidence conclusively establishes a reasonable doubt. *Laster v. State*, 275 S.W.3d at 518. This standard applies equally to both direct and circumstantial evidence. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Ervin v. State*, 331 S.W.3d 49, 55 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd).

In this case, there is no dispute concerning whether appellant was required to register as a sex offender. The only issue is whether the State proved, beyond a reasonable doubt, that appellant intentionally or knowingly failed to register his intended address change, as charged in the indictment. See *Green v. State*, 350 S.W.3d 617 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd); *Reyes v. State*, 96 S.W.3d 603, 605 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (stating that a culpable mental state is required for failure to register violations). The Court of Appeals reliance on *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109 (Tex. Crim. App. July 1, 2015) in affirming the conviction is in error since the indictment in appellant's case alleged that Febus "while **intending** to change his residential address, **intentionally and knowingly** failed to timely provide in person the defendant's anticipated move date and new address to the Houston Police Department." (CR 6). Therefore, this case is distinguishable from *Robinson v. State* since the State was required to prove that Febus had a culpable mental state when failing to provide the correct address since it was an element charged in the indictment that specifically modified appellant's failure to act. *Id.* Thus, the holding in *Robinson* is not dispositive of this case.

The evidence at trial showed that appellant was convicted of the felony offense of indecency with a child in 2001 and received a prison

11

sentence of eight years. (RR III 88-91; SX- 16). Because of that felony conviction, appellant was required to abide by the rules of sexual offender registration upon his release from prison. (RR III 111; SX-17). Appellant complied with the registration rules during his pre-release and release from prison in 2009 by listing his address on Glenmont Drive in Houston, Texas. (RR III 111; SX-17, 18). From 2009 until 2013, appellant complied with the registration program by registering with the Houston Police Department (HPD). (RR III 31). On August 21, 2012, appellant complied with the registration program by updating his registration and listing an address of 6110 Glenmont Drive, apartment 57. (RR III 116; SW-32). The apartment manager for the La Hacienda Apartments explained that this complex consisted of two buildings, 6100 Glenmont and 6110 Glenmont. (RR III 62).

On March 6, 2013, appellant went to HPD to comply with the registration program since he intended to move to a different apartment in the same apartment complex, La Hacienda. (RR III 99-104). Appellant intended to change his registration from 6110 Glenmont, apartment 57 to show his intended new apartment at La Hacienda Apartments of 6100 Glenmont, apartment 45. (RR III 99-104). Appellant specifically told the registration officer that he intended to move to 6100 Glenmont, apartment 45, but the March 6, 2013 registration form mistakenly listed an address of

6110 Glenmont, apartment 45, not the 6100 Glenmont, apartment 45 as intended and requested by appellant. (RR III 20-25, 52, 99-104; SX-1).

On October 21, 2013, Officer C.R. Black, with HPD's Sexual Offender Compliance Unit, checked whether appellant was complying with the registration program and actually living at 6110 Glenmont, apartment 45. (RR III 34-42). Officer Black indicated that his investigation showed that appellant was not living at 6110 Glenmont, apartment 45 at that time. (RR III 43).

In this case, the evidence established that appellant intended to properly comply with all of the requirements of the Texas Sex Offender Registration Program during his pre-release from prison in 2009, upon his release from prison in 2009, and into 2013 upon his change-of-address notification. Any discrepancies in appellant's last listed address and/or apartment number were merely a negligent mistake on the behalf of the registering authority and/or appellant. Since appellant maintained a residence in the same apartment complex, but a different building, after his change of address in 2013, it is understandable that a mistake could be made. There was no intent by appellant to evade his duties to properly register as a sex offender in 2013. Therefore, the evidence does not establish beyond a reasonable doubt that appellant intentionally or knowingly failed to timely provide in person the defendant's

13

anticipated move date and new address to the Houston Police, by failing to provide said information in person at least seven days before the defendant's change of address. Thus, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt.

This case is distinguishable from *Robinson v. State* since the State was required to prove that Febus had a culpable mental state when failing to provide the correct address since it was an element charged in the indictment that specifically modified appellant's failure to act. Thus, the holding in *Robinson* is not dispositive of this case.

## Conclusion and Prayer

Appellant prays that this Honorable Court grant Appellant's Petition for Discretionary Review, reverse the decision of the Court of Appeals, and acquit Appellant.

Respectfully Submitted,

Jerald K. Graber
917 Franklin, Suite 510
Houston, Texas 77002
713-224-2323
Attorney for Appellant

14

## Certificate of Compliance

I, Jerald K. Graber, do certify that this petition is in compliance with Rule 9 since the entire document consists of 2,065 words and is typed using 14-point font.

_Jerald K. Graber_
Jerald K. Graber

## Certificate of Service

I hereby certify that a copy of this PDR was served upon the following parties via e-file:

Alan Curry
Harris County District Attorney's Office
1201 Franklin, 6th Floor
Houston, TX 77002

State Prosecuting Attorney
P.O. Box 12405
Austin, Texas 78711

_Jerald K. Graber_
Jerald K. Graber

Opinion issued October 15, 2015



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-00942-CR

———————————

**ALBERT JUNIOR FEBUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 176th District Court
Harris County, Texas
Trial Court Case No. 1406874

## MEMORANDUM OPINION

A jury convicted appellant Albert Junior Febus of the third-degree felony of failing to register as a sex offender. *See* TEX. CODE CRIM. PROC. arts. 62.055(a), 62.102(a)–(b). Febus pleaded true to two prior unrelated felony convictions, and he was thus subject to an enhanced sentence. The jury assessed punishment at 35

years in prison, and Febus appealed. In his sole issue, he challenges the sufficiency of the evidence to support the conviction.

We find sufficient evidence to support the conviction, and we affirm.

## Background

Febus is required to register as a sex offender due to a past conviction for indecency with a child. He was required to sign and initial forms indicating his understanding of the registration rules both on his release from prison and on every occasion when he reregistered. Febus complied with the registration program for six years without any issues.

In March 2013, Febus moved from the apartment where he was residing at 6110 Glenmont Drive, Apt. 57, to another apartment within the same complex, 6100 Glenmont Drive, Apt. 45. He was not listed on the leases for either apartment, and the property manager testified that she did not know him and had not seen him on the apartment grounds. The tenant who was listed on the new apartment's lease testified that Febus lived with him for eight months and shared a portion of the rent. Because Febus changed addresses, he was required to update his address for the sex-offender registration.

Febus obtained a new driver's license from the Texas Department of Public Safety in order to register for a new CR-14 identification, also known as a "blue card." He also filled out a CR-39 registration ("Sex Offender Update Form"). All

three of the registration documents in question (the temporary license, the blue card, and the Sex Offender Update Form) listed his new address as 6110 Glenmont Drive, Apt. 45, instead of the correct address, 6100 Glenmont Drive.

The registration officer who assisted Febus testified that reregistration for sex offenders involves a face-to-face meeting in which officers sit with the registrants and assist them with the process. The officer stated that Febus provided her with the incorrect address when she typed out the registration forms. Febus, in contrast, testified that he gave the correct address when registering but that there was some form of clerical error that led to the incorrect version appearing on the documents. Febus signed all three documents without correcting the address.

Seven months later, a compliance officer visited 6110 Glenmont Drive to attempt to locate Febus and ensure that he was living where he was registered. The officer spoke with the property manager and the resident of the apartment identified on Febus's registration. After determining that Febus was not living at the address, the officer obtained a warrant for his arrest. The officer did not visit 6100 Glenmont Drive.

Febus was charged with intentionally and knowingly failing to provide his new address to the local law enforcement authority. The jury found Febus guilty of failure to register. At the punishment stage, Febus pleaded true to past convictions for robbery and for being a felon in possession of a firearm, leading to

enhancements that set the minimum punishment at 25 years. The State also presented evidence that Febus previously had been convicted of a state-jail felony and that he had changed his name repeatedly over the past 20 years. The jury assessed punishment at 35 years.

Febus appealed.

## Analysis

In his sole issue on appeal, Febus argues that the evidence was insufficient to support his conviction.

We determine whether the evidence was sufficient to support a criminal conviction by a legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). When evaluating the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The State may rely on circumstantial evidence to establish guilt. *See Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The legal standard is the same for both direct and circumstantial evidence cases. *Id.*

"The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Harris v. State*, 364

4

S.W.3d 328, 334 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We may not reweigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Merritt*, 368 S.W.3d at 526.

A person commits the offense of failure to comply with sex-offender registration requirements "if the person is required to register and fails to comply with any requirement of" Chapter 62 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 62.102(a); *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109, at *2 (Tex. Crim. App. July 1, 2015); *Harris*, 364 S.W.3d at 334. Chapter 62 requires sex offenders who change addresses to provide registration authorities with the "anticipated move date and new address" no later than seven days prior to moving, and to provide "proof of identity and proof of residence" to the new enforcement agency no later than seven days after moving, or the first day the agency allows them to report if later. TEX. CODE CRIM. PROC. art. 62.055(a).

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE § 6.02(b). Article 62.102(a) does not contain a culpable mental state, nor does it plainly dispense with one. As a

5

result, "§ 6.02(c) requires that Article 62.102(a) be read to require intent, knowledge, or recklessness to establish criminal responsibility." *Robinson*, 2015 WL 4068109 at *2. A person acts knowingly, or with knowledge, with respect to circumstances surrounding his conduct when he is aware that the circumstances exist. TEX. PENAL CODE § 6.03(b). A person acts recklessly with respect to circumstances surrounding his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist. *Id.* § 6.03(c).

Violations of Article 62.102 contain two elements: awareness of a duty to register, and failure to comply with one of the statute's requirements. *Robinson*, 2015 WL 4068109 at *2. This court has previously stated that "[w]hen the indictment alleges that a defendant 'intentionally or knowingly' failed to register as a sex offender," we would require "sufficient evidence of the defendant's intentional or knowing failure." *Harris*, 364 S.W.3d at 335. However, the Court of Criminal Appeals has recently held in *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109 (Tex. Crim. App. July 1, 2015), that "the culpable mental states of knowledge and recklessness apply only to the duty-to-register element" of the failure-to-comply offense. *Robinson*, 2015 WL 4068109 at *4. Thus, the requirement of a culpable mental state applies only to the circumstances of the conduct—the duty to register, not the conduct of failing to do so. *Id.* The statute

6

requires only that the offender "(1) knew or was reckless about whether he had a duty to register as a sex offender, and (2) failed to report" his new address. *Id.* at *5.

Febus argues that the State presented insufficient evidence to prove that his mental state was intentional or knowing when failing to give the correct address. He contends that he provided affirmative evidence that conclusively established a reasonable doubt about his mental state. Based on the alleged lack of mens rea evidence for his failure, he says no reasonable juror could find him guilty beyond a reasonable doubt.

This argument is effectively rendered moot by the holding of the Court of Criminal Appeals in *Robinson*. The evidence permitted a jury to conclude that Febus was fully aware of the registration requirements, based on the forms he had to sign upon release and reregistration, six years of maintaining his registration, as well as his own testimony. This constitutes sufficient evidence to show knowledge for the duty-to-register element. *See id.* at *6 (testimony that offender was aware of the need to register was sufficient evidence to satisfy the first element of the offense).

Based on *Robinson*'s interpretation of Article 62.102, the State did not have to prove that Febus had a culpable mental state when failing to provide the correct address. The evidence shows that the required documents listed the incorrect

7

address and that Febus signed them. That is sufficient evidence to satisfy the second element, failure to comply with the requirements of the statute. The evidence therefore was sufficient for a rational factfinder to find Febus guilty of failure to comply with the registration requirement.

The holding in *Robinson* is dispositive of this case. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found Febus guilty of failing to comply with the requirements of Article 62. TEX. CODE CRIM. PROC. art. 62; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Merritt*, 368 S.W.3d at 525. Accordingly, we overrule Febus's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

8