**Opinion filed September 20, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00301-CR

_____

## JOSEPHINE DELEON DIAZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 11733-D**

## M E M O R A N D U M   O P I N I O N

The jury convicted Josephine Deleon Diaz of the second-degree felony offense of possession of methamphetamine in an amount between four and 200 grams. The trial court sentenced Appellant to confinement for a term of fifteen years in the Institutional Division of the Texas Department of Criminal Justice. In a single issue on appeal, Appellant asserts that the evidence is insufficient to support her conviction. We affirm.

*Background Facts*

Abilene Police Officer Chris Milliorn stopped a pickup being driven at night without its back lights operating. The pickup belonged to Kayla Sue Owen, but Jonathan Cotton was driving it. Appellant occupied the passenger seat of the pickup. When Officer Milliorn ran their information, he discovered that the pickup's registration had expired, but the sticker on the windshield was current. After Officer Milliorn recognized Owen's name from previous narcotics investigations, he called for a canine unit.

Upon the arrival of the canine unit, Officer Milliorn and Officer Matt Stiles asked Cotton and Appellant to step out of the pickup. Officer Stiles observed a clear glass pipe wrapped in bubble wrapping in Appellant's boot. Based on Officer Milliorn's experience, a pipe of this type is used for smoking methamphetamine or crack cocaine. Shortly after Officer Stiles observed the pipe, the canine alerted on the pickup. The officers searched Cotton, Appellant, and the pickup. The officers found a small glass pipe in Cotton's sock. They also found a purse in the cab of the pickup that contained two separate baggies of methamphetamine.

Officer Milliorn testified that, when he asked Appellant about the baggies found in the purse, she said that she bought them a few days before for personal use. Appellant never claimed during the stop that she did not know what was in the baggies or that she did not know the baggies were in the purse. Officer Milliorn gave the purse to Appellant to be booked with her property at the jail. Appellant did not say or indicate that the purse was not hers.

Cotton testified that the baggies of methamphetamine belonged to him and that he handed them to Appellant to hide because he thought he was going to jail for driving without a license. Cotton did not tell the officers at the scene that the methamphetamine belonged to him because he did not think Appellant would get in

2

trouble and because he was under the influence at the time. Cotton testified that he had had the baggies for about a week and that he and Appellant both smoked methamphetamine from the baggies about five times. Cotton testified that, before handing Appellant the baggies in the pickup, Appellant had not handled the baggies but had watched him remove methamphetamine from the baggies so that they could smoke it.

*Analysis*

In her sole issue on appeal, Appellant contends that the State failed to affirmatively link her to the methamphetamine. She contends that the evidence failed to show that the purse in which the methamphetamine was found was her purse as opposed to it belonging to Owen, the owner of the pickup who was a known drug user. Appellant asserts that the State only showed that she was near the drugs when she was a passenger in a pickup that was stopped due to a traffic violation. We disagree.

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts

for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of possession of a controlled substance if she knowingly or intentionally possesses a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d) (West 2017). Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2017). To prove unlawful possession of a controlled substance, the State must show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015). The evidence must establish that the accused's connection with the drugs was more than just her fortuitous proximity to someone else's drugs. *Id.* at 405–06. Possession of drugs need not be exclusive, but, rather, control over contraband may be jointly exercised by more than one person. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

Texas courts have used an "affirmative links" analysis for instances when "the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband." *Id.* at 406 (alteration in original) (quoting *Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981)); *see Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006) (listing affirmative

4

links recognized by courts). The affirmative links analysis is routinely employed to establish joint possession when the accused is not in exclusive possession of the place where the drugs are found. *Poindexter*, 153 S.W.3d at 406. The analysis "simply restates the common-sense notion that a person—such as a father, son, spouse, roommate, or friend—may jointly possess property like a house but not necessarily jointly possess the contraband found in that house." *Id.* The following links have been applied to infer knowledge relating to the contraband: (1) the defendant's presence when the search was conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia was present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt. *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016) (citing *Evans*, 202 S.W.3d at 162 n.12).

Although Appellant was not in exclusive possession of the place where the methamphetamine was found, the independent facts and circumstances justify the jury's conclusion that Appellant had possession of the methamphetamine and that she knew the baggies contained methamphetamine. The State established several affirmative links between Appellant and the methamphetamine. Appellant was present when the search occurred. She was in close proximity to the

methamphetamine because she was in the passenger seat of the pickup and the methamphetamine was found inside a purse in the cab of the pickup.

We disagree with Appellant's assertion that the evidence is insufficient because the State did not establish that the purse belonged to her. Appellant made incriminating statements after the officers located the methamphetamine inside the purse. Appellant stated that she purchased the methamphetamine a few days before for personal use. Cotton's testimony that they both smoked methamphetamine from the baggies about five times that week also established Appellant's knowledge and use of the methamphetamine irrespective of the presence of the methamphetamine inside the purse. Also, drug paraphernalia was present at the scene. The officers located two clear glass pipes: one in Appellant's boot and the other in Cotton's sock. Based on the evidence affirmatively linking Appellant to the methamphetamine, a rational jury could have found beyond a reasonable doubt that Appellant knowingly possessed the two baggies of methamphetamine. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.

September 20, 2018                                        JOHN M. BAILEY

Do not publish. *See* TEX. R. APP. P. 47.2(b).          CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.