**Opinion issued October 15, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00942-CR

———————————

**ALBERT JUNIOR FEBUS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1406874**

---

## MEMORANDUM OPINION

A jury convicted appellant Albert Junior Febus of the third-degree felony of failing to register as a sex offender. *See* TEX. CODE CRIM. PROC. arts. 62.055(a), 62.102(a)–(b). Febus pleaded true to two prior unrelated felony convictions, and he was thus subject to an enhanced sentence. The jury assessed punishment at 35

years in prison, and Febus appealed. In his sole issue, he challenges the sufficiency of the evidence to support the conviction.

We find sufficient evidence to support the conviction, and we affirm.

**Background**

Febus is required to register as a sex offender due to a past conviction for indecency with a child. He was required to sign and initial forms indicating his understanding of the registration rules both on his release from prison and on every occasion when he reregistered. Febus complied with the registration program for six years without any issues.

In March 2013, Febus moved from the apartment where he was residing at 6110 Glenmont Drive, Apt. 57, to another apartment within the same complex, 6100 Glenmont Drive, Apt. 45. He was not listed on the leases for either apartment, and the property manager testified that she did not know him and had not seen him on the apartment grounds. The tenant who was listed on the new apartment's lease testified that Febus lived with him for eight months and shared a portion of the rent. Because Febus changed addresses, he was required to update his address for the sex-offender registration.

Febus obtained a new driver's license from the Texas Department of Public Safety in order to register for a new CR-14 identification, also known as a "blue card." He also filled out a CR-39 registration ("Sex Offender Update Form"). All

three of the registration documents in question (the temporary license, the blue card, and the Sex Offender Update Form) listed his new address as 6110 Glenmont Drive, Apt. 45, instead of the correct address, 6100 Glenmont Drive.

The registration officer who assisted Febus testified that reregistration for sex offenders involves a face-to-face meeting in which officers sit with the registrants and assist them with the process. The officer stated that Febus provided her with the incorrect address when she typed out the registration forms. Febus, in contrast, testified that he gave the correct address when registering but that there was some form of clerical error that led to the incorrect version appearing on the documents. Febus signed all three documents without correcting the address.

Seven months later, a compliance officer visited 6110 Glenmont Drive to attempt to locate Febus and ensure that he was living where he was registered. The officer spoke with the property manager and the resident of the apartment identified on Febus's registration. After determining that Febus was not living at the address, the officer obtained a warrant for his arrest. The officer did not visit 6100 Glenmont Drive.

Febus was charged with intentionally and knowingly failing to provide his new address to the local law enforcement authority. The jury found Febus guilty of failure to register. At the punishment stage, Febus pleaded true to past convictions for robbery and for being a felon in possession of a firearm, leading to

3

enhancements that set the minimum punishment at 25 years. The State also presented evidence that Febus previously had been convicted of a state-jail felony and that he had changed his name repeatedly over the past 20 years. The jury assessed punishment at 35 years.

Febus appealed.

## Analysis

In his sole issue on appeal, Febus argues that the evidence was insufficient to support his conviction.

We determine whether the evidence was sufficient to support a criminal conviction by a legal sufficiency standard. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). When evaluating the legal sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). The State may rely on circumstantial evidence to establish guilt. *See Carrizales v. State*, 414 S.W.3d 737, 742 (Tex. Crim. App. 2013). The legal standard is the same for both direct and circumstantial evidence cases. *Id.*

"The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony." *Harris v. State*, 364

S.W.3d 328, 334 (Tex. App.—Houston [1st Dist.] 2012, no pet.). We may not reweigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *See Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Merritt*, 368 S.W.3d at 526.

A person commits the offense of failure to comply with sex-offender registration requirements "if the person is required to register and fails to comply with any requirement of" Chapter 62 of the Code of Criminal Procedure. TEX. CODE CRIM. PROC. art. 62.102(a); *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109, at *2 (Tex. Crim. App. July 1, 2015); *Harris*, 364 S.W.3d at 334. Chapter 62 requires sex offenders who change addresses to provide registration authorities with the "anticipated move date and new address" no later than seven days prior to moving, and to provide "proof of identity and proof of residence" to the new enforcement agency no later than seven days after moving, or the first day the agency allows them to report if later. TEX. CODE CRIM. PROC. art. 62.055(a).

"If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element." TEX. PENAL CODE § 6.02(b). Article 62.102(a) does not contain a culpable mental state, nor does it plainly dispense with one. As a

5

result, "§ 6.02(c) requires that Article 62.102(a) be read to require intent, knowledge, or recklessness to establish criminal responsibility." *Robinson*, 2015 WL 4068109 at \*2. A person acts knowingly, or with knowledge, with respect to circumstances surrounding his conduct when he is aware that the circumstances exist. TEX. PENAL CODE § 6.03(b). A person acts recklessly with respect to circumstances surrounding his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist. *Id.* § 6.03(c).

Violations of Article 62.102 contain two elements: awareness of a duty to register, and failure to comply with one of the statute's requirements. *Robinson*, 2015 WL 4068109 at \*2. This court has previously stated that "[w]hen the indictment alleges that a defendant 'intentionally or knowingly' failed to register as a sex offender," we would require "sufficient evidence of the defendant's intentional or knowing failure." *Harris*, 364 S.W.3d at 335. However, the Court of Criminal Appeals has recently held in *Robinson v. State*, No. PD-0421-14, 2015 WL 4068109 (Tex. Crim. App. July 1, 2015), that "the culpable mental states of knowledge and recklessness apply only to the duty-to-register element" of the failure-to-comply offense. *Robinson*, 2015 WL 4068109 at \*4. Thus, the requirement of a culpable mental state applies only to the circumstances of the conduct—the duty to register, not the conduct of failing to do so. *Id.* The statute

requires only that the offender "(1) knew or was reckless about whether he had a duty to register as a sex offender, and (2) failed to report" his new address. *Id.* at *5.

Febus argues that the State presented insufficient evidence to prove that his mental state was intentional or knowing when failing to give the correct address. He contends that he provided affirmative evidence that conclusively established a reasonable doubt about his mental state. Based on the alleged lack of mens rea evidence for his failure, he says no reasonable juror could find him guilty beyond a reasonable doubt.

This argument is effectively rendered moot by the holding of the Court of Criminal Appeals in *Robinson*. The evidence permitted a jury to conclude that Febus was fully aware of the registration requirements, based on the forms he had to sign upon release and reregistration, six years of maintaining his registration, as well as his own testimony. This constitutes sufficient evidence to show knowledge for the duty-to-register element. *See id.* at *6 (testimony that offender was aware of the need to register was sufficient evidence to satisfy the first element of the offense).

Based on *Robinson*'s interpretation of Article 62.102, the State did not have to prove that Febus had a culpable mental state when failing to provide the correct address. The evidence shows that the required documents listed the incorrect

address and that Febus signed them. That is sufficient evidence to satisfy the second element, failure to comply with the requirements of the statute. The evidence therefore was sufficient for a rational factfinder to find Febus guilty of failure to comply with the registration requirement.

The holding in *Robinson* is dispositive of this case. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found Febus guilty of failing to comply with the requirements of Article 62. TEX. CODE CRIM. PROC. art. 62; *see Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Merritt*, 368 S.W.3d at 525. Accordingly, we overrule Febus's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).