# NO. 12-21-00044-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ERIC JOHN HATTON,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW NO. 2* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Eric John Hatton appeals his conviction for criminal trespass. In a single issue, Appellant contends the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Appellant was charged by information with criminal trespass, a Class B misdemeanor.[1] Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of trial, the jury found Appellant guilty of criminal trespass as charged in the information. Following the punishment phase of trial, the jury sentenced Appellant to 180 days confinement. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue, Appellant contends the evidence is legally insufficient to support his conviction. Specifically, he contends that Walmart impliedly withdrew its ban when it permitted him to be on the property prior to the incident at issue.

**Standard of Review and Governing Law**

In Texas, the ***Jackson v. Virginia*** standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a

---

[1] TEX. PENAL CODE ANN. § 30.05(d) (West Supp. 2021).

criminal offense that the state is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). When reviewing the sufficiency of the evidence after a bench trial, we apply the same standard that is applied in an appeal from a jury trial. *See **Robinson v. State***, 466 S.W.3d 166, 173 (Tex. Crim. App. 2015). The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979). This standard gives full play to the responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. ***Padilla v. State***, 326 S.W.3d 195, 200 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Brooks***, 323 S.W.3d at 899.

When the record supports conflicting inferences, we presume that the fact finder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). A conclusion of guilt can rest on the combined and cumulative force of all the incriminating circumstances. ***Hernandez v. State***, 190 S.W.3d 856, 864 (Tex. App.–Corpus Christi 2006, no pet.).

A person commits the offense of criminal trespass if the person enters or remains on or in property of another without effective consent and the person (1) had notice that the entry was forbidden, or (2) received notice to depart but failed to do so. TEX. PENAL CODE ANN. § 30.05(a) (West Supp. 2021). "Notice" means oral or written communication by the owner or someone with apparent authority to act for the owner. ***Id.*** § 30.05(b)(2). "Consent" means assent in fact, whether express or apparent. ***Id.*** § 1.07(11) (West 2021). "Effective consent" includes consent by a person legally authorized to act for the owner. ***Id.*** § 1.07(19). "Consent" is not effective if given by a person the actor knows is not legally authorized to act for the owner. ***Id.*** § 1.07(19)(B).

**Analysis**

Appellant argues the evidence is legally insufficient to show beyond a reasonable doubt that he committed criminal trespass. He contends that he had been permitted at a Murphy USA (another Walmart property) following the 2018 ban and prior to his arrest on August 8, 2020. Appellant urges that this amounted to a rescission of the previous ban.

Brandon Tompkins testified that he is currently a manager at Walmart. On January 20, 2018, he was an assistant manager at the Walmart Supercenter on Highway 64 West in Tyler when he received a call on the radio that an individual reported a disturbance outside the store. When Tompkins investigated, he found Appellant "causing a disturbance with individuals outside," including employees and customers. Tompkins asked Appellant to leave the premises, and Appellant refused. Tompkins then called the Tyler Police Department. The officer who arrived asked Tompkins if he wanted Appellant "trespassed," and Tompkins replied, "yes." Tompkins testified that having Appellant "criminally trespassed" would prevent Appellant from returning to "any Walmart, Murphy's gas station, Sam's Clubs throughout the United Nations [sic] . . . for a lifetime." He further testified that he believed Walmart gave him the authority to make that decision.

Officer Ben Jordan of the Tyler Police Department testified that he responded to a call of a person creating a disturbance at the Highway 64 Walmart on January 20, 2018. Officer Jordan identified Appellant as the person making the disturbance. He also spoke with the manager, Tompkins, who stated that he wanted to "criminally trespass" Appellant from the property. Officer Jordan testified that he told Appellant that he was not allowed in any Walmart, Sam's Club, or Murphy gas station from that point forward. He specifically told Appellant that "there was no way of this criminal trespass going away." Officer Jordan's body camera footage of his discussion with the manager and Appellant was admitted into evidence and played for the jury.

Michele Deramcy testified that she is the store manager for the Murphy USA located at 187 West South Town Drive in Tyler. On August 8, 2020, Appellant came in to purchase alcohol. He refused to provide his identification and started "cussing and hollering and not acting right," so she asked him to leave. Deramcy testified that other customers were in the store, and she was concerned for their safety. She asked Appellant to leave twice. When he refused, she called the police. Deramcy admitted that Appellant had been to the Murphy USA on multiple occasions prior to the incident in question. And he had been there previously on the

same day. However, Deramcy was unaware that Appellant had been "criminally trespassed." Had she known this information, Deramcy stated she would not have allowed Appellant back into the store and she would have called the police.

Officer Clinton Jones of the Tyler Police Department testified that he was dispatched to the Murphy's gas station on West South Town Drive on August 8, 2020. When he arrived, he observed Appellant "standing at the street corner waving his hands and talking to himself." Officer Jones made contact with Appellant, who appeared intoxicated. He smelled of alcohol, his shirt was on backwards, and he was talking to himself and waving his arms around. Appellant admitted to drinking two or three beers. When Officer Jones "ran his name through dispatch," he learned that Appellant had been "criminally trespassed in 2018." As a result, he arrested Appellant for criminal trespass. According to Officer Jones, the only way for criminal trespass to go away is for someone to call and remove the trespass from the police database. Officer Jones acknowledged making a statement similar to "if he's been going there every day and they've given him permission to go in there, then it's not [criminal trespass]." Officer Jones's body camera footage was admitted into evidence and played for the jury.

According to Appellant, the fact that he had been to the Murphy USA location previously without being asked to leave amounted to a revocation of the previously issued ban. However, from the evidence presented at trial, the jury reasonably could have determined that Appellant had previously been told not to return to any Walmart, Murphy gas station, or Sam's Club location, and that Appellant entered the property on August 8, 2020. *See* TEX. PENAL CODE ANN. § 30.05(a). The jury could also have determined that the trespass warning was not rescinded and that no one gave Appellant permission to enter the property. *See **Erwin v. State***, No. 12-16-00261-CR, 2017 WL 4161606, at *3 (Tex. App.—Tyler Sept. 17, 2017, no pet.) (mem. op., not designated for publication). It is the jury's province to resolve any conflicts in the record, and we must presume it did so in favor of the judgment. *See **Clayton***, 235 S.W.3d at 778. Viewing the evidence in the light most favorable to the judgment, we conclude that a rational jury could have found each element of criminal trespass beyond a reasonable doubt. *See* TEX. PENAL CODE ANN. § 30.05(a); ***Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789; ***Brooks***, 323 S.W.3d at 912. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-21-00044-CR**

**ERIC JOHN HATTON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the County Court at Law No. 2

of Smith County, Texas (Tr.Ct.No. 002-81980-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*