**Opinion filed May 2, 2019**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00133-CR
_____

## LAKESHA LASHAWN BARNES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 26730A**

## M E M O R A N D U M   O P I N I O N

The jury convicted Lakesha Lashawn Barnes of two offenses: (1) possession of methamphetamine in an amount between four and two hundred grams and (2) tampering with evidence. The jury assessed Appellant's punishment at confinement for a term of three years in the Institutional Division of the Texas Department of Criminal Justice on the conviction for possession of methamphetamine. The jury also assessed punishment at confinement for a term of six years on the conviction for tampering with evidence. The jury recommended

that the six-year sentence be suspended and that Appellant be placed on community supervision. The trial court sentenced Appellant accordingly, and it suspended the six-year sentence and placed Appellant on community supervision for a term of eight years. In a single issue, Appellant challenges the sufficiency of the evidence for both convictions. We affirm.

*Background Facts*

On November 9, 2015, the Taylor County Sherriff's Office arrested Appellant's boyfriend, Nathan Hutta, based on an outstanding arrest warrant. There were multiple officers at the scene, including Deputy Sheriff Frank Johnson and Agent Kirk Whitehurst. The officers were concerned that Hutta had swallowed methamphetamine; they observed what appeared to be traces of methamphetamine around Hutta's mouth, on the driver's seat, in the floorboard, and on the console of his vehicle.

When Appellant arrived on the scene, she asked if she and Hutta could kiss "since he was going to prison." Agent Whitehurst asked Appellant to find out if Hutta had swallowed anything. After briefly speaking with Hutta as he sat in a patrol car, Appellant gave him "an unusually long kiss" through the window of the patrol car.

Agent Whitehurst testified at trial that, after the kiss, Appellant turned and started to walk away. Deputy Johnson also testified that, when the kiss ended, Appellant "kind of duck[ed] and turn[ed] off away" from the officers and "trie[d] to quickly scurry away." Appellant "wouldn't talk or look" at the officers. Agent Whitehurst called Appellant's name, but "she just ignored [him] and just kept walking away." The officers tried to stop Appellant, but she continued to walk away.

Agent Whitehurst testified that, once he was in front of Appellant, he could tell that she had something in her mouth. He told Appellant to spit it out, but she did not respond. The officers ultimately placed Appellant on the ground, causing a bag

containing methamphetamine to fall from Appellant's mouth. Agent Whitehurst testified that Appellant did not make any motions to signal that she was in distress and that she did not appear to be choking or gagging. Deputy Johnson also testified that he never observed Appellant choking or gagging.

During Deputy Johnson's testimony, a video from Deputy Johnson's bodycam was admitted into evidence and played for the jury. The video was generally consistent with Deputy Johnson's testimony, showing Appellant speaking with Hutta, kissing Hutta, and then walking away from the officers as they called her name and commanded her to "spit it out." The video from the bodycam ended as Appellant was placed on the ground; Deputy Johnson testified that his bodycam was knocked off during the scuffle.

Appellant testified on her own behalf during the guilt/innocence phase. She testified that she did not know that Hutta had methamphetamine in his mouth when she approached the window of the patrol car. When asked why she did not immediately spit the methamphetamine out, Appellant said that "it happened too fast" and that she was in "shock." Appellant testified that she was unable to speak to the officers because she was gagging and choking on the methamphetamine. Appellant stated that the officers "didn't even give [her] time" to spit out the methamphetamine before they "slammed [her] down" to the ground.

*Analysis*

In a single issue, Appellant asserts that the evidence is insufficient to prove that she had the specific knowledge or intent to (1) possess methamphetamine and (2) conceal or tamper with the methamphetamine to impair its availability as evidence. Appellant only contests the sufficiency of the evidence with respect to the issue of criminal intent. We will first address whether there is sufficient evidence that Appellant acted knowingly or with specific intent to possess methamphetamine.

3

We review a challenge to the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Polk v. State*, 337 S.W.3d 286, 288–89 (Tex. App.—Eastland 2010, pet. ref'd). Under the *Jackson* standard, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). When conducting a sufficiency review, we consider all the evidence admitted at trial, including pieces of evidence that may have been improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We defer to the factfinder's role as the sole judge of the witnesses' credibility and the weight their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899. This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict and defer to that determination. *Jackson*, 443 U.S. at 326; *Clayton*, 235 S.W.3d at 778.

A person commits the offense of possession of a controlled substance if she knowingly or intentionally possesses a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) (West 2017). Possession is defined as "actual care, custody, control, or management." TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018). To prove unlawful possession of a controlled substance, the State must show (1) that the accused exercised control, management, or care over the substance and (2) that the accused knew the matter possessed was contraband. *Poindexter v.*

*State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015).

Appellant testified that she did not know that Hutta had methamphetamine in his mouth when she approached the patrol car to kiss him. Appellant stated that, when Hutta opened his mouth, she "thought it was a tongue kiss, because [Appellant is] a passionate person." Appellant testified that she did not know that Hutta would place methamphetamine in her mouth. Appellant contends that she had no opportunity to choose whether to exercise care, custody, control, or management of the drugs because "it all happened too fast" and she was in "shock."

However, the jury was entitled to disbelieve Appellant's testimony and believe the officers' version of the events. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Schmidt v. State*, 232 S.W.3d 66, 68 (Tex. Crim. App. 2007). Agent Whitehurst asked Appellant to find out whether Hutta had swallowed any drugs. Appellant asked the officers if she and Hutta could kiss. As noted by the officers, the kiss lasted "an unusually long" time. The officers stated that Agent Whitehurst called Appellant's name but that Appellant turned, ignored him, and continued to walk away. Appellant did not spit out the methamphetamine until she was placed on the ground. The bodycam video admitted at trial generally supports the officers' testimony. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Appellant had the specific knowledge or intent to possess methamphetamine. *See Jackson*, 443 U.S. at 319. Therefore, we hold that there was legally sufficient evidence to support Appellant's conviction for possession of methamphetamine.

We next address whether there is sufficient evidence that Appellant acted knowingly or with specific intent to impair the availability of the methamphetamine as evidence. Under Section 37.09 of the Texas Penal Code, a person commits the offense of tampering with evidence when that person, "knowing that an offense has

5

been committed, alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence." PENAL § 37.09(d)(1) (West 2016). This statute requires proof of three elements: the defendant (1) knew about an offense; (2) concealed, altered, or destroyed a thing; and (3) intended to impair the use of that thing as evidence. *Williams v. State*, 270 S.W.3d 140, 142 (Tex. Crim. App. 2008); *Hines v. State*, 535 S.W.3d 102, 109 (Tex. App.—Eastland 2017, pet. ref'd).

Appellant contends that, while the evidence is sufficient to find that Hutta intended to conceal or tamper with evidence, Appellant had no opportunity to form the requisite knowledge or intent to impair the availability of methamphetamine as evidence in a subsequent investigation or official proceeding related to the offense. Appellant asserts that the officers "didn't even give [her] time" to spit out the methamphetamine before they brought her to the ground. Appellant testified that she was unable to respond to the officers because she was gagging and choking on the methamphetamine.

Conversely, the officers testified that Appellant never appeared to be choking or gagging on the bag of methamphetamine. Instead, the officers' testimony shows that, after Appellant kissed Hutta, she turned her body and began walking away from the officers. Agent Whitehurst testified that, once he was in front of Appellant, he could tell that she had something in her mouth and ordered her to spit it out. The officers ultimately placed Appellant on the ground, causing a bag containing methamphetamine to fall from her mouth. Viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Appellant had the specific knowledge or intent to impair the availability of the methamphetamine as evidence. *Jackson*, 443 U.S. at 319. Therefore, we hold that there was legally sufficient evidence to support Appellant's conviction for tampering with evidence. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


May 2, 2019

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.