

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00942-CR

Ray Martin **RUIZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. 6537
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: September 11, 2019

AFFIRMED

Ray Martin Ruiz appeals his conviction for possession of a controlled substance, methamphetamine, between one and four grams. Ruiz argues the evidence presented at trial is insufficient to support his conviction. We affirm the judgment of the trial court.

### BACKGROUND

The night of March 28, 2017, Sergeant Nicholas Moellering with the Gillespie County Sheriff's Office was on mobile patrol within the City of Fredericksburg. At approximately 11:10 p.m., Sgt. Moellering's attention was drawn by a vehicle he had previously seen at a residence that

was believed to be involved in narcotics activity. Sgt. Moellering followed the vehicle until it pulled into a convenience store parking lot.

Before approaching the vehicle, Sgt. Moellering ran a license plate check through which he learned that the vehicle's license plate was expired and also learned the vehicle was registered to EC and MA Boderford. Sgt. Moellering then activated his patrol car's lights and approached the vehicle. At that time, Sgt. Moellering noticed the registration sticker on the lower left portion of the vehicle's front windshield had been altered.

According to Sgt. Moellering, he initially did not recognize the sole person in the vehicle. However, when Sgt. Moellering approached the vehicle, he recognized Ruiz as the driver. Sgt. Moellering knocked on the driver's window as Ruiz had his head down making a phone call or texting. Sgt. Moellering, who had previous interaction with Ruiz, felt "something was a little off with [Ruiz]." According to Sgt. Moellering, Ruiz "was extremely nervous, he was fidgeting[,] and he was sweating profusely" despite the outside temperature being only seventy degrees.

Sgt. Moellering ran Ruiz's driver's license and learned both that Ruiz's license was invalid and that Ruiz had outstanding warrants. Sgt. Moellering placed Ruiz under arrest for driving with an invalid license and pursuant to the outstanding warrants. Before Ruiz was transported to the jail, Sgt. Moellering performed a pat down of Ruiz during which he found "a wad of cash," a mobile phone, and a small Bible Ruiz appeared to have been using as a wallet. K. Boderford, who had been contacted by Ruiz, arrived at the scene to collect the vehicle that she told Sgt. Moellering belonged to her. However, because Boderford could not produce any paperwork proving her ownership of the vehicle, Sgt. Moellering did not release the vehicle to her and instead, arranged for a wrecker service to tow the vehicle. Before releasing the vehicle to the wrecker service, Sgt. Moellering conducted an inventory search of the vehicle during which he found a glass methamphetamine smoking pipe with crystal-like residue in it and a glass tube hidden in the center

console. Sgt. Moellering also found a silver lighter case that had been placed between the driver's seat and the center console. Inside the lighter case, Sgt. Moellering found three baggies containing usable amounts of what Sgt. Moellering suspected to be methamphetamine. The lighter case also contained three additional previously used baggies containing residue and two unused baggies. A field test of the substance in the baggies showed positive results for methamphetamine, and laboratory results from the Bexar County Crime Lab confirmed the substance found inside the baggies was methamphetamine. The three baggies contained 0.526 grams, 0.409 grams, and 0.359 grams of methamphetamine, respectively.

The State charged Ruiz via indictment with possession of a controlled substance, methamphetamine, between one and four grams with the intent to deliver. Ruiz waived a jury trial. Following a bench trial, the trial court found Ruiz guilty of the lesser included offense possession of a controlled substance, methamphetamine, between one and four grams. The trial court assessed punishment at ten years' imprisonment, suspended in favor of ten years' community supervision. This appeal followed.

### SUFFICIENCY OF THE EVIDENCE

In his sole issue on appeal, Ruiz contends the evidence is legally insufficient to support his conviction. Specifically, Ruiz argues there are insufficient links connecting him to the possession of the methamphetamine.

### Standard of Review and Applicable Law

When examining the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the judgment of conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We may not re-weigh the evidence

or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicts in favor of the judgment of conviction, and we defer to that resolution. *Merritt*, 368 S.W.3d at 525–26. Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Winfrey v. State*, 393 S.W.3d 763, 768, 771 (Tex. Crim. App. 2013).

To prove unlawful possession of a controlled substance, the State must prove the defendant exercised care, custody, control, or management over the substance in question and he knew the substance possessed was contraband. *See* TEX. PENAL CODE ANN. § 1.07(a)(39); TEX. HEALTH & SAFETY CODE ANN. § 481.002(38). In this case, the State was required to prove Ruiz exercised care, custody, control, or management over the methamphetamine found in the vehicle and that he knew the substance was methamphetamine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a) & (c); *see also id.* § 481.102(b)(6) (identifying methamphetamine as a Penalty Group 1 substance). However, the State was entitled to rely upon circumstantial evidence because it "is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone may be sufficient to establish guilt." *Carrizales v. State,* 414 S.W.3d 737, 742 (Tex. Crim. App. 2013).

Whether the evidence is direct or circumstantial, it must establish that a defendant's connection to contraband was more than fortuitous. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 (Tex. Crim. App. 2015). When contraband is not in the exclusive possession of the defendant, the factfinder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances affirmatively linking the defendant to the contraband. *Id*. at 406. In *Evans v. State*, the Texas Court of Criminal Appeals

summarized a non-exclusive list of fourteen factors that may indicate an affirmative link connecting the defendant to the knowing possession of contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006). Although these factors help guide our analysis, the ultimate inquiry remains whether "[b]ased on the combined and cumulative force of the evidence and any reasonable inferences therefrom, … a [factfinder was] rationally justified in finding guilt beyond a reasonable doubt[.]" *Tate v. State*, 500 S.W.3d 410, 414 (Tex. Crim. App. 2016).

**Discussion**

Ruiz's argument focuses on the absence of the types of affirmative links identified in *Evans*. Although Ruiz is correct that some of those links are not present in this case, "the absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *Jones v. State*, 466 S.W.3d 252, 260 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (internal quote omitted).

Sgt. Moellering testified he followed the vehicle Ruiz was driving for approximately three to five minutes before Ruiz pulled into the convenience store. Ruiz was the only person in the vehicle. However, the vehicle was not registered to Ruiz. When Sgt. Moellering asked Ruiz whether anyone else had been driving the vehicle recently, Ruiz replied in the negative. K.

Boderford, who arrived at the convenience store after being contacted by Ruiz, gave Sgt. Moellering conflicting information regarding how long Ruiz was driving the vehicle, which she claimed to own.

During the inventory search of the vehicle, Sgt. Moellering discovered three baggies containing usable amounts of methamphetamine hidden in a silver lighter case that had been placed between the driver's seat and the center console. The lighter case, which was easily within Ruiz's reach, also contained three additional baggies that appeared to contain residue, as well as two unused baggies. Sgt. Moellering additionally discovered drug paraphernalia, specifically a methamphetamine smoking pipe containing crystal-like residue and a glass tube, hidden inside the center console. At the time Sgt. Moellering made contact with Ruiz, Ruiz was extremely nervous, fidgeting, and sweating profusely despite the outdoor temperature being only seventy degrees. Sgt. Moellering, who knew Ruiz from past encounters, testified "something was a little off with [Ruiz]." Sgt. Moellering also testified "[i]t seemed like he would lose train of thought easily and maybe forget what I asked him or just kind of jog onto a different trail." When Sgt. Moellering conducted a pat down of Ruiz, he found a "wad of cash" in Ruiz's pocket that later counted out to $159.00. Sgt. Moellering testified that during the booking process, Ruiz acknowledged he was unemployed.

Viewing the evidence in the light most favorable to the judgment of conviction, we conclude a rational factfinder could have found the essential elements of possession of a controlled substance (methamphetamine) beyond a reasonable doubt. Consequently, we conclude the evidence in this case is sufficient to sustain the trial court's finding that Ruiz committed the offense of possession of a controlled substance.

Ruiz's sole issue on appeal is overruled.

## CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH