# NOS. 12-19-00023-CR
# 12-19-00024-CR
# 12-19-00025-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LUIS ALBERTO RUIZ,*<br>*APPELLANT* | § | *APPEALS FROM THE 123RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SHELBY COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Luis Alberto Ruiz appeals his convictions for failure to comply with sex offender registration requirements. Appellant raises one issue alleging Eighth and Fourteenth Amendment violations based on his intellectual impairment. We affirm.

### BACKGROUND

Appellant was charged by three indictments with three counts of failure to comply with sex offender registration requirements. Appellant filed a pretrial written notice of his intent to present a mental defect defense. When the cases were called for trial, the State asserted that Appellant's notice was untimely but waived its objection to the untimeliness. However, the State asserted that any evidence of Appellant's mental defect is irrelevant in the guilt/innocence phase. The trial court heard arguments from both parties on the evidence's admissibility but made no ruling on the issue. Subsequently, Appellant pleaded "guilty" to the charges and the matter proceeded to a bench trial on punishment.

At the punishment trial, the evidence showed that Appellant's intellectual functioning is mildly impaired. Nonetheless, he complied with the sex offender registration requirements for a

few years before the failure to comply offenses occurred.  After hearing the punishment evidence, the trial court assessed Appellant's punishment at confinement for twenty-four months in state jail. This appeal followed.

**EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS**

In Appellant's sole issue, he complains that his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution were violated because he was precluded from asserting a mental defect defense.[1]

**Applicable Law**

Chapter 62 of the Texas Code of Criminal Procedure establishes Texas's sex offender registration program.  *See generally* TEX. CODE CRIM. PROC. ANN. art. 62.001-62.408 (West 2018 & Supp. 2019).  A person commits an offense if he is required to register and fails to comply with any requirement of Chapter 62.  *Id.* art. 62.102(a).  Article 62.102 neither prescribes a culpable mental state nor clearly dispenses with one.  Consequently, the penal code requires proof of intent, knowledge, or recklessness to establish criminal responsibility for the offense. *See* TEX. PENAL CODE ANN. § 6.02(b), (c) (West 2011).   The culpable mental state for failure to comply with sex offender registration requirements applies to the duty to register, not the failure to comply. *Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).  Accordingly, the evidence must establish a defendant's awareness of the registration requirements but need not establish an additional culpable mental state regarding his failure to register.  *See Febus v. State*, 542 S.W.3d 568, 573 (Tex. Crim. App. 2018).

**Analysis**

On appeal, Appellant argues that we should reverse his convictions and sentences based on violations of his Eighth and Fourteenth Amendment rights.  First, he contends that his rights were violated because he was precluded from asserting a mental defect defense.  Furthermore, he contends his rights were violated because it is cruel to confine him for failing to comply with sex offender registration requirements that he could not understand or remember.  We disagree with both contentions.

---

[1] The Eighth Amendment prohibits cruel and unusual punishment.  *See* U.S. CONST. amend. VIII.  The Fourteenth Amendment provides that the State shall not deprive any person of life, liberty, or property without due process of law. *See* U.S. CONST. amend. XIV.

Despite his argument to the contrary, Appellant failed to preserve his error for our review because the record does not show that he was precluded from asserting a mental defect defense. Preservation of error is a systemic requirement on appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010). It is the duty of the appellate courts to ensure that a claim is preserved in the trial court before addressing its merits. *Id.* In general, a claim is preserved for appellate review only if (1) the complaint was made to the trial court by a timely and specific request, objection, or motion and (2) the trial court either ruled on the request, objection, or motion, or refused to rule and the complaining party objected to that refusal. TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003). If a party fails properly to object to errors at trial, even constitutional errors can be forfeited. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

Based on the record before us, we cannot conclude that Appellant presented a complaint to the trial court by a timely and specific request, objection, or motion, nor, even if he presented such a complaint, that the trial court either ruled on the request, objection, or motion, or refused to rule and Appellant objected to that refusal. *See* TEX. R. APP. P. 33.1(a). When the State asserted pretrial that evidence of Appellant's mental defect is irrelevant in the guilt/innocence phase, Appellant counterargued that "it's true [failure to comply with sex offender registration requirements] is a strict liability crime but strict liability was not meant to also preclude people who have a mental defect from having a defense." The trial court stated that it would hear "some evidence" on mental defect and would research the issue. The State then noted that the case law is clear that no proof of a culpable mental state regarding the failure to comply is required for conviction. The trial court asked both parties for case citations supporting their positions. Appellant did not offer any citations. The State cited to "*Runnels*," an appeal from Shelby County, which this Court decided in 2018.[2] The trial court expressed its belief that the State's position was correct and asked whether the State was ready to proceed. Appellant asked for and was granted a moment's time for reasons unclear from the record. The State then read the indictments and Appellant pleaded "guilty." Under these circumstances, even if we construe Appellant's notice of intent to present a mental defect defense and argument that "strict liability was not meant to also preclude people who have a mental defect from having a defense" as the "request, objection, or motion" necessary to preserve his

---

[2] We presume the State to mean *Runnels v. State*, Nos. 12-17-00298-CR, 12-17-00299-CR, 2018 WL 4767196, at *3 (Tex. App.—Tyler Oct. 3, 2018, no pet.) (mem. op., not designated for publication) (noting that the State need not prove a culpable mental state regarding appellant's failure to comply with sex offender registration requirements).

Eighth and Fourteenth Amendment issues, we cannot construe the trial court's mere statement of belief that the State's position on the culpable mental state was correct as a ruling on that objection. *See id.*

Furthermore, even if Appellant preserved his issues, we could not grant him relief. Appellant contends that Article 62.102 and the court of criminal appeals's holding in ***Robinson*** operate to preclude him from asserting a mental defect defense. We do not read Article 62.102 or the case law interpreting it as precluding a mental defect defense. Under the penal code, it is an affirmative defense to prosecution that, at the time of the conduct charged, the defendant, as a result of severe mental disease or defect, did not know that his conduct was wrong. TEX. PENAL CODE ANN. § 8.01(a) (West 2011). Thus, even though the State was not required to prove that Appellant intentionally, knowingly, or recklessly failed to comply with sex offender registration requirements, Article 62.102 and ***Robinson*** did not preclude him from presenting evidence and arguing that he did not know his conduct was wrong. *See id.*; ***Robinson***, 466 S.W.3d at 172. Accordingly, we conclude that Appellant's Fourteenth Amendment right to present a defense was not violated by Article 62.102 and the holding in ***Robinson***.

Nor does Appellant's Eighth Amendment argument avail him. In this regard, he argues that it is cruel and unusual to deny his use of a mental defect defense and cruel to imprison him for a crime he cannot comprehend or prevent because of his intellectual impairment. As we explained above, the record does not show that Appellant was denied his use of a mental defect defense. The trial court never made such a ruling. For reasons not indicated in the record, Appellant decided to forgo a trial and mental defect defense and plead guilty. Some evidence of Appellant's intellectual impairment was adduced at the punishment trial, but his guilt or innocence was not an issue at that phase. Therefore, the court was required to assess a punishment within the punishment range.

The legislature is vested with the power to define crimes and prescribe penalties. *See **Davis v. State***, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd); *see also **Simmons v. State***, 944 S.W.2d 11, 15 (Tex. App.—Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment assessed within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See **Harris v. State***, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); ***Jordan v. State***, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); ***Davis***, 905 S.W.2d at 664. Here, Appellant was convicted of failure to comply with sex offender registration requirements, the punishment range

4

for which, in this case, is 180 days to two years in state jail. *See* Tex. Penal Code Ann. §§ 12.35(a) (2019), 62.102(b)(1) (West 2018). Thus, the twenty-four month sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, we conclude that the punishment is not prohibited as cruel, unusual, or excessive. *See **Harris***, 656 S.W.2d at 486; ***Jordan***, 495 S.W.2d at 952; ***Davis***, 905 S.W.2d at 664. Because the record does not indicate that Appellant's Eighth or Fourteenth Amendment rights were violated in this case, we overrule his sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgments.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 5, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 5, 2020**

**NO. 12-19-00023-CR**

**LUIS ALBERTO RUIZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 17CR20,335)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 5, 2020**

**NO. 12-19-00024-CR**

**LUIS ALBERTO RUIZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 18CR20,479)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### FEBRUARY 5, 2020

### NO. 12-19-00025-CR

**LUIS ALBERTO RUIZ,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 123rd District Court
of Shelby County, Texas (Tr.Ct.No. 18CR20,889)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*