EDDIE LANE, *alias* EDDIE JACK LANE V. THE STATE.

No. 23501. Delivered December 11, 1946.
Rehearing Denied January 29, 1947.

*Johnson & Nahas,* of Houston, for appellant.

*A. C. Winborn,* Crim. District Attorney, *R. H. Gallier* and *E. T. Branch,* Assistant Crim. District Attorneys, all of Houston, and *Ernest S. Goen's* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Appellant and John Stonich, alias John Stanich were jointly indicted, charged with the theft of $25,000.00 from Walter Siros. Lane was alone upon trial. He was convicted and his punishment assessed at ten years in the penitentiary.

No bills of exception nor any objections to the court's charge are in the record.

The facts are interesting and entertaining as to how Mr. Siros was separated from his money. It would not add greatly to the jurisprudence of the State to recite the evidence in detail. It is manifestly sufficient to sustain the conviction.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

It is admitted in the motion herein that no bills of exception appear in the record, and that no complaint is made of the conduct of the case upon the part of the State. The only complaint made in the motion relates to matters that were presented by the appellant's attorney in the cross-examination of the injured party, who seems to have lost $25,000.00 in money of the denomination of $500.00 bills in the transaction under investigation. It seems that appellant had been made the subject of some two circulars after the alleged commission of this offense, which circulars contained some pictures of him

50

and a rather extensive description of his facial, as well as other characteristics, and which also showed that he was wanted by the Houston Police for a $25,000.00 swindle, and a further circular relative to an alleged companion of appellant in such swindle, and giving the numbers of $500.00 bills alleged to have been lost herein.

The record shows, and appellant's attorney admits, that these two circulars were introduced in evidence by him; yet he seems to think that it was the duty of the trial court to have refused to have allowed appellant's attorney to introduce them. He recognizes that such statements contained in the circulars were hearsay, and that same were damaging to the interests of his client, and now contends that the trial court, upon his own motion, should have offered an objection to such introduction and refused to allow him to place the same in evidence in this case. We cannot agree with such contention. The trial court is charged with the duty of passing upon such matters as may come before him, and should advise neither the State's attorney nor appellant's attorney as to what testimony might be valuable, or what might be injurious to either side. To have done such would surely be erroneous. When a person appears before the court with his own attorney, it would be a peculiar doctrine to hold that the trial court, when called upon to listen to certain testimony presented by appellant's attorney, should say to him that such testimony would be injurious and not helpful to his cause. Such conduct would call for criticism of that action by this court.

The motion will be overruled.