# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00207-CR

---

**Alfred Chila, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 391ST DISTRICT COURT OF TOM GREEN COUNTY
### NO. D-17-0773-SB, THE HONORABLE CARMEN DUSEK, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Alfred Chila of possession of a controlled substance (methamphetamine) in the amount of one gram or more but less than four grams, a third-degree felony offense. *See* Tex. Health & Safety Code §§ 481.102(6), .115(a), (c). The district court assessed Chila's punishment at five years' imprisonment and rendered judgment on the jury's verdict. On appeal, Chila contends that the Texas Constitution affords him a greater right to privacy than does the United States Constitution and that the district court had a "*sua sponte* duty" under the Texas Constitution to exclude "evidence illegally seized." Chila also contends that the evidence at trial was insufficient to support his conviction. We will affirm the district court's judgment.

## BACKGROUND

During trial, the jury heard a recording of a 911 call from an employee of Twin Peaks restaurant in San Angelo, who reported that a man—later identified as Chila—was asleep in a car in the parking lot with his car "turned on." The employee stated that he tried waking the man "to see if he was okay" and "if he needed a cab or something," but the man opened his eyes only briefly when the employee knocked on the car's window. The employee was unsure whether the man in the car was "drunk," but the man had been "there for a pretty good . . . amount of time, at least a few hours."

San Angelo Police Officer Chase Hill testified that he responded to a call for service at Twin Peaks shortly after midnight. He approached the only car left in the parking lot. One person was inside the running car, asleep in the driver's side seat. Officer Hill walked to the driver's side, shined his flashlight inside, and then walked to the passenger side. Finding the door unlocked, he got in the passenger side of the car, turned the car off, and removed the keys from the ignition. He then returned to the driver's side to contact Chila and ask him to step out of the car. Chila was leaning with his left arm against the door. When Officer Hill opened it, Chila woke up. As Chila was stepping out of the car, Officer Hill saw next to Chila's left foot "a small, jewelry-sized clear bag with a clear, crystal-like substance in it." The bag was in plain sight on "the floorboard of the driver's side, close to the door." When asked whether Chila made any movements to try to conceal what was on the floorboard, Officer Hill testified that Chila was moving "both of his feet." Officer Hill noticed the "baggy" when Chila moved his left foot, which was either "right on top of it or right beside it."

Field testing on the substance was positive for the presence of methamphetamine. Subsequent lab testing confirmed that the substance was methamphetamine. Chila stated that he

2

had "no objection" when the methamphetamine, chain-of-custody report, "Certificate of Analysis Affidavit," and attached lab report were offered into evidence.[1] *See* Tex. Code Crim. Proc. art. 38.41 (providing that certificate of analysis is admissible to establish results of laboratory analysis of physical evidence conducted by or for law enforcement agency without necessity of analyst's personal appearance in court). The lab report showed that the substance in the bag submitted for testing contained 2.79 grams of methamphetamine.

At the conclusion of the trial, the jury found Chila guilty of possession of a controlled substance (methamphetamine) in the amount of one gram or more but less than four grams. The district court assessed Chila's punishment and rendered judgment on the jury's verdict. This appeal followed.

## DISCUSSION

**No sua sponte duty to exclude evidence**

Chila stated that he had "[n]o objection" to admission of the methamphetamine evidence when it was offered at trial. Thus, a complaint about admission of that evidence was not preserved for our review. *See Swain v. State*, 181 S.W.3d 359, 368 (Tex. Crim. App. 2005) (concluding that defendant "waived any error" as to admission of certain evidence by stating that he had no objections when it was offered during trial); *Black v. State*, 358 S.W.3d 823, 829-30 (Tex. App.—Fort Worth 2012, pet. ref'd) (concluding that defendant failed to preserve his complaint about admission of methamphetamine evidence by stating that he had no objection when State offered evidence of it during trial); *see also* Tex. R. App. P. 33.1(a)(1) (requiring timely request, objection, or motion to trial court to preserve complaint for appellate review).

---

[1] Chila filed no pretrial motion to suppress evidence of the methamphetamine.

3

Attempting to avoid procedural default, Chila contends that the district court had a "*sua sponte* duty" under the Texas Constitution to exclude "evidence illegally seized" (presumably the methamphetamine). *See* Tex. Const. art. I, § 9 (providing protection "from all unreasonable seizures or searches"). Specifically, he claims that he was seized when Officer Hill ordered him out of his car before "evidence of any sort ha[d] been discovered." Chila also claims that the district court, acting sua sponte, should have excluded "evidence illegally seized"—i.e., the methamphetamine—because members of the "judiciary are bound to protect and defend the principles of the Texas Constitution." *See id.* art. XVI, § 1 (setting forth oath of office for elected and appointed officers).

Chila relies heavily on *Richardson v. State*, 865 S.W.2d 944 (Tex. Crim. App. 1993), and *Autran v. State*, 887 S.W.2d 31 (Tex. Crim. App. 1994) (plurality op.), for his contention that Article I, Section 9 of the Texas Constitution affords greater protection of his right to privacy than does the Fourth Amendment to the United States Constitution. *See* U.S. Const. amend. IV (providing protection "against unreasonable searches and seizures"); Tex. Const. art. I, § 9. However, the Court of Criminal Appeals has expressly "declined to follow *Richardson* and *Autran*" and noted that while it has "occasionally held that Texans have greater privacy rights under the Texas Constitution than the United States Constitution," it has "since largely brought that caselaw back into line with the Supreme Court's interpretations of the Fourth Amendment." *Holder v. State*, 595 S.W.3d 691, 698 n.15 (Tex. Crim. App. 2020). Texas courts have rejected the notion that trial courts have any duty to exclude evidence on their own motion. *See Lane v. State*, 198 S.W.2d 1019, 1019 (Tex. Crim. App. 1947) (rejecting defendant's contention that trial court, on its own motion, should have refused to allow defense counsel to introduce certain evidence containing hearsay that was harmful to defendant); *see also*

4

*Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (noting that "the responsibility of asserting forfeitable rights belongs to the litigants, and not the trial judge"; that "such rights will be unavailable on appeal if not urged at trial"; and that reviewing courts "should not find error in a trial judge's inaction when contemporaneous action is neither requested nor independently required of her"); *Roberts v. State*, No. 03-08-00345-CR, 2010 Tex. App. LEXIS 2374, at *7-9 (Tex. App.—Austin Apr. 1, 2010, no pet.) (mem. op., not designated for publication) (rejecting defendant's contention that trial court "committed 'fundamental error' by not sua sponte excluding certain evidence" and concluding that there was no preserved error to review).

We conclude that Chila failed to preserve his complaint about the admission of "evidence illegally seized" and further, that the district court had no "*sua sponte* duty" to exclude such evidence. Accordingly, we overrule Chila's first issue.

**Sufficient evidence supported Chila's conviction**

Chila's second issue challenges the sufficiency of the evidence supporting his conviction for possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams. *See* Tex. Health & Safety Code §§ 481.102(6), .115(a), (c).[2] When conducting a legal sufficiency review, we consider all the evidence, whether properly or improperly admitted. *Winfrey v. State*, 393 S.W.3d 763, 767 (Tex. Crim. App. 2013) (citing *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001)). Proof of the offense of possession of a controlled substance requires a showing that the defendant: (1) exercised control,

---

[2] Chila's second issue builds on his first by addressing the inadmissibility of evidence obtained from an unreasonable seizure prohibited by the Texas Constitution and stating that "[w]ithout evidence of a crime, no reasonable jury could find [him] guilty beyond a reasonable doubt." However, as we have discussed, Chila failed to preserve his complaint about the admission of "evidence illegally seized." We proceed to consider whether the evidence admitted during trial was sufficient to support Chila's conviction.

management, or care over the substance in question; and (2) that he knew that the substance was contraband. *Id.* § 481.115(a); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005), *abrogated on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015). "Possession" requires "actual care, custody, control, or management." Tex. Health & Safety Code § 481.002(38). The Penal Code provides that possession "is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control." Tex. Penal Code § 6.01(b). Further, "[i]ntent can be inferred from the acts, words, and conduct of the accused." *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995); *Meals v. State*, 601 S.W.3d 390, 399 (Tex. App.—Amarillo 2020, pet. ref'd) (noting that jury could have inferred that defendant attempted to conceal narcotics found on floorboard beneath defendant's seat based on his conduct of removing his right shoe and sock).

We determine whether there is sufficient evidence to support a conviction by considering the combined and cumulative force of all admitted evidence in the light most favorable to the verdict and deciding whether, based on that evidence and the reasonable inferences from it, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Proving a defendant's guilt beyond a reasonable doubt does not require disproving every conceivable alternative to his guilt. *Tate*, 500 S.W.3d at 413. Rather, direct evidence and circumstantial evidence are equally probative in a sufficiency review. *Id.* As the sole judge of credibility and weight to be attached to the testimony of witnesses, the jury may draw multiple reasonable inferences from the facts so long as each is supported by the evidence presented at trial. *Jackson*, 443 U.S. at 326; *Tate*, 500 S.W.3d at 413. If the record supports

6

conflicting inferences, we presume that the jury resolved those conflicts in favor of the verdict. *Jackson*, 443 U.S. at 326; *Tate*, 500 S.W.3d at 413.

"A defendant's mere presence is insufficient to establish possession." *Tate*, 500 S.W.3d at 413. However, the jury may infer that a defendant intentionally or knowingly possessed contraband, such as illegal narcotics, when there are sufficient independent facts and circumstances justifying that inference. *Id.* The Court of Criminal Appeals has cited a nonexclusive list of fourteen factors that may indicate a link between a defendant and the knowing possession of contraband:

(1)      the defendant's presence when a search is conducted;

(2)      whether the contraband was in plain view;

(3)      the defendant's proximity to and the accessibility of the narcotic;

(4)      whether the defendant was under the influence of narcotics when arrested;

(5)      whether the defendant possessed other contraband or narcotics when arrested;

(6)      whether the defendant made incriminating statements when arrested;

(7)      whether the defendant attempted to flee;

(8)      whether the defendant made furtive gestures;

(9)      whether there was an odor of contraband;

(10)    whether other contraband or drug paraphernalia were present;

(11)    whether the defendant owned or had the right to possess the place where the drugs were found;

(12)    whether the place where the drugs were found was enclosed;

(13)     whether the defendant was found with a large amount of cash; and

(14)     whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* (citing *Evans v. State*, 202 S.W.3d 158, 162 n.12 (Tex. Crim. App. 2006); *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).  The Court noted that while these factors may assist a court's analysis, the ultimate inquiry is still whether a jury was rationally justified in finding a defendant's guilt beyond a reasonable doubt based on the combined and cumulative force of the evidence and any reasonable inferences therefrom.  *Id.* (citing *Jackson*, 443 U.S. at 318-19); *see Evans*, 202 S.W.3d at 162 ("It is . . . not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial.").

Here, several factors link Chila to the methamphetamine.  Chila was present when Officer Hill found "a clear bag with a clear, crystal-like substance" that was later determined to be 2.79 grams of methamphetamine.  The methamphetamine was in plain view, next to Chila's left foot on the floorboard in front of the driver's seat and close to the door.  *See Lewis v. State*, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984) (concluding that sufficient evidence supported defendant's conviction, including that "a partially full baggy of marihuana was found in the right rear floorboard" near right rear side of car where defendant was seated).  Chila was in close proximity to the methamphetamine, and it was accessible to him.  *See Robinson*, 174 S.W.3d at 326-27, 330 (concluding that truck was "enclosed space," that defendant "had control over the truck and its contents," and that contraband found in truck's rear-wall compartment "was within the vicinity of and easily accessible to" defendant).  Chila attempted to conceal what was on the floorboard by moving "both of his feet," and Officer Hill noticed the baggy when Chila moved

8

his left foot, which was either "right on top of it or right beside it." Moreover, Chila was the only person inside the car where the methamphetamine was found, and the car was an enclosed space. *See Deshong v. State*, 625 S.W.2d 327, 328, 329 (Tex. Crim. App. 1981) (concluding that sufficient evidence supported defendant's conviction, including that contraband was found inside vehicle, which was "an enclosed area"; that contraband was located on "floorboard directly in front of" defendant's seat; and that "the contraband was found on the same side of the car seat as that in which [defendant] was sitting"); *Cisneros v. State*, 290 S.W.3d 457, 467 (Tex. App.—Houston [14th Dist.] 2009, pet. dism'd) (concluding that sufficient evidence supported defendant's conviction, including that defendant "was the only person in possession of the vehicle at the time the contraband was found").

We conclude that the cumulative force of the evidence admitted during trial—considered under the applicable standard of review for legal-sufficiency challenges and with proper deference to the jury's assessments of witness credibility and resolution of any conflicts in the evidence—could have allowed the jury to reasonably infer that Chila exercised actual care, custody, control, or management of one gram or more but less than four grams of methamphetamine and that he knew that it was contraband. *See* Tex. Health & Safety Code §§ 481.002(38), .102(6), .115(a), (c); *Tate*, 500 S.W.3d at 413-14; *see also Jackson*, 443 U.S. at 307, 318-19, 326. Thus, the evidence admitted at trial was sufficient to support Chila's conviction. We overrule Chila's second and final issue.

## CONCLUSION

We affirm the district court's judgment of conviction.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   December 23, 2020

Do Not Publish